Otto **MAYES** and Conard Moyers

v.

Charles **TEAGUE**, Jr., et al.

Civ. A. No. 7712.

United States District Court,
E. D. Tennessee, N. D.

March 7, 1972.

Roy T. Campbell, Jr., William M. Leibrock, Newport, Tenn., for plaintiffs.

Boyd Mason, County Atty., Tazewell, Tenn., C. Howard Bozeman, Stone & Bozeman, Knoxville, Tenn., W. G. Harrell, Jr., Tazewell, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs seek a declaratory judgment that the County Board of Education for Claiborne County, Tennessee is apportioned in violation of the United States Constitution. Defendants are members of the County Board of Education and of the County Quarterly Court. Oral argument was heard on a motion to dismiss for failure to state facts upon which relief can be granted. The parties have stipulated that there is no question of fact and that all matters in dispute involve questions of law.

The defendant Board consists of seven members, one of whom lives in each of seven school districts into which the County is divided. The member from each district is elected by all the voters of the County. See Tennessee Private Acts, 1961, Ch. 326. Of the County's 7410 registered voters, 2353 live in the most populous school district, and 450 live in the least populous district.

Plaintiffs contend that the residence requirement dilutes the votes in the more populous districts and constitutes invidious discrimination denying these voters equal protection of the laws guaranteed by the Fourteenth Amendment. The essence of their argument is stated in the complaint:

"Plaintiffs contend the gross imbalance of voters and population among the school districts of Claiborne County, debases their votes and the votes of others similarly situated in the more populous districts. . . Since their votes are in effect debased, the votes of other citizens residing in the other school districts containing a lower number of voters and population per school board members are, in effect, exhalted."

They rely on a statement in Hadley v. Junior College District, 397 U.S. 50, 56, 90 S.Ct. 791, 795, 25 L.Ed.2d 45 (1970):

". . . when members of an elected body are chosen from separate districts, each district must be established on a basis which will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials."

Defendants, on the other hand, contend that the apportionment scheme in dispute is constitutionally acceptable under the case of Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967).

The complaint is inherently inconsistent. At one point it states that each voter votes for one school board member from each school district. At other places, it states that the voters of each district can elect only one school board member. The alleged malapportionment is always tied to the second allegation. Yet the parties agree that each board member is elected "by all the voters of the county."

In *Dusch* seven of eleven councilmen were required to live in separate boroughs of a metropolitan governmental unit. Each position on the council was voted on by each voter in the larger unit. Population of the boroughs varied from 733 to 29.048. The Supreme Court held that since all councilmen were elected at large, each voter was given equal treatment, and the scheme did not violate the Constitution.

Fortson v. Dorsey, 379 U.S. 433, 85 S.Ct. 498, 13 L.Ed.2d 401 (1965), cited in *Dusch,* held that county-wide voting for state senators in multi-district counties in a state with multi-county districts did not deny voters of the multi-district counties approximately equal weight per vote as opposed to votes from single-member constituencies.

*Hadley,* relied on by plaintiffs, is not in point. There the candidates were elected solely by the voters of the district where they resided, whereas in our case board members are elected by all affected voters not just those in the district of the voters' residence. Referring to *Dusch,* the Court said:

"We have previously upheld against constitutional challenge an election

scheme that required that candidates be residents of certain districts that did not contain equal numbers of people. . . Since all the officials in that case were elected at large, the right of each voter was given equal treatment." 397 U.S., at 58, 90 S.Ct., at 796.

In addition, the Attorney General for the State of Tennessee has published an opinion that concludes:

". . . if the members of a school board are elected county wide, it does not offend [the one-man, one-vote] principle to require that members be residents of school districts even though the school districts have a population imbalance." Op. No. 113, December 21, 1971.

For the indicated reasons and upon the authorities cited, we conclude that the method used by Claiborne County in selecting members of their school board meet constitutional tests. Accordingly, it is ordered that the defendants' motion to dismiss be, and the same hereby is, sustained.